UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SAMUEL CEPHAS,

                Plaintiff,

                              ORDER
       -against-                     12-CV-1445 (JFB)(GRB)

NASSAU COUNTY CORRECTIONAL CENTER,

                Defendant.
----------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

       On November 1, 2012, *pro se* plaintiff Samuel Cephas filed an amended complaint against defendants Nassau County and Armor Correctional Health Services of New York. On March 22, 2013, defendant Armor Correctional Health Services of New York filed a motion to dismiss.

       On January 23, 2014, Magistrate Judge Brown issued a Report and Recommendation concluding that dismissal based on failure to exhaust available administrative remedies is inappropriate at this stage of the litigation, but recommending "that the Amended Complaint be dismissed without prejudice" because plaintiff's allegations of deliberate indifference "show only 'a difference of opinion' between inmate and prison officials regarding medical treatment, which 'does not give rise to a constitutional right [to] sustain a claim under § 1983." (Report and Recommendation, at 1, 6, 9 (citation omitted).) The Report and Recommendation states that "[a]ny objections to the Report and Recommendation must be filed with the Clerk of the Court within 14 days," and that failure to file objections within this period will preclude further review of the Report and Recommendation or this Court's order. (*Id.* at 10.) To date, although the deadline for objections has expired, no objections have been filed.

       A district judge may accept, reject, or modify, in whole or in part, the findings and

recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without de novo review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no objections have been filed and thus *de novo* review is not required, the Court, in an abundance of caution, has conducted a *de novo* review of the Report and Recommendation and

HEREBY ADOPTS the well-reasoned and thorough Report and Recommendation in its entirety. Accordingly, IT IS HEREBY ORDERED that Armor's motion to dismiss the amended complaint is granted without prejudice, for the reasons articulated by Magistrate Judge Brown. Plaintiff shall have thirty (30) days from the date of this Order to submit a second amended complaint. Failure to file the amended complaint within thirty (30) days shall result in dismissal with prejudice for failure to prosecute.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2014
Central Islip, New York